UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>CLARK BROWN,<br><br>     Defendant. | Case No. 1:11-cr-00170-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

 Before the Court is pro se Defendant Clark Brown's Motion for Release Based On Actual Innocence (Dkt. 29). Having reviewed Defendant's Motion and being familiar with the record, the Court will deny the Motion as expressed below.

## BACKGROUND

 Defendant pleaded guilty pursuant to a written agreement to Unlawful Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(9). *Plea Agreement*, Dkt. 14. In his motion, Defendant asserts that he is innocent because he had no prior felony conviction. *Motion*, Dkt. 29. Although Defendant cites no particular statutory basis for the relief requested, he asks for immediate release from prison. Under 28 U.S.C. § 2255, not cited by Defendant, a prisoner may move the court to vacate, set aside or correct his sentence. The Court applies the statute as though raised here.

## ANALYSIS

 On a motion to vacate a sentence under § 2255, a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the

case conclusively show that the prisoner is entitled to no relief . . ..." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003)(quotation omitted). To withstand summary dismissal, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).

The crime with which Defendant here was charged, and to which he pleaded guilty, provides that it is unlawful for anyone "who has been convicted in any court of a misdemeanor crime of domestic violence" to possess or receive a firearm that has been shipped or transported in interstate commerce. 18 U.S.C. § 922(g)(9). Thus, Defendant has set forth no factual or legal basis for the Court to find that he is actually innocent; his motion will be denied.

## ORDER

**IT IS HEREBY ORDERED** that Defendant's Motion for Release Based On Actual Innocence (Dkt. 29) is DENIED.

DATED: November 20, 2012

_____
B. Lynn Winmill
Chief Judge
United States District Court